PARKER'S ADMINISTRATRIX v. C. NOLAN AND OTHERS.

1. When personal property has been sold with warranty of title, and the
purchaser is sued for the property by a third party, the seller has the
right to intervene and defend the suit.
2. A general assignment as error that the court below erred in the charge
to the jury, when the charge is an elaborate one, is too vague and indef-
inite to demand much consideration. The particular matter complained
of should be specifically pointed out by the assignment.
3. Previous to her marriage with one P., since deceased, the intervenor owned
a stock of cattle, branded in her own peculiar brand. After the mar-
riage, P. recognized the stock as her separate property, by having the
brand recorded as her brand, and by repeated declarations that the
stock was her property ; and he also branded the increase of the stock

in her brand. *Held*, that these facts evidenced an intention on the part of P. to donate to his wife all the interest he might have in the increase ; and this it was competent for him to do, unless he did so for a fraudulent purpose.

APPEAL from Harris. Tried below before the Hon. James Masterson.

The facts are sufficiently indicated in the opinion of the court.

*W. P. Hamblin*, for the appellant.

*Crank & Wilson*, for the appellees.

OGDEN, J. The appellant, as the administratrix of Ed. Parker, deceased, brought this suit against the appellee, Nolan, for the value of a certain stock of cattle, claimed as the property of the estate of her intestate, which he is charged to have taken possession of and converted to his own use. The defendant below answered by a general denial, and by special answer, setting up the fact that the stock of cattle claimed by the plaintiff was never the property of Ed. Parker, and is not now the property of his estate; but that the same was the separate property of the wife of said Parker during his lifetime and at the time of his death, and that he, for a valuable consideration paid, had purchased the same from the widow of said Parker, now wife of D. W. Robinson. Subsequently Mrs. Robinson intervened, and, after adopting the answers of defendant Nolan, claimed that the stock of cattle sued for and the brand upon the same, were her separate property before her marriage with said Parker, and that they continued to remain so until she sold the same to said Nolan ; that Parker, during his lifetime, always recognized said stock and brand as her separate property.

The plaintiff below excepted to the intervention of Mrs. Robinson and her husband, for several reasons, which exceptions, we think, were very properly overruled by the court. .It ap-

pears that Mrs. Robinson had sold the stock of cattle to Nolan, and had guaranteed the title to him, and whenever that title was questioned she had a right to intervene to defend the same, and to protect her interest growing out of the sale. The cause was submitted to a jury under a quite lengthy and able charge from the court, and a verdict and judgment were rendered for the defendant and intervenors, and the plaintiff has appealed, and now assigns as the principal error for the reversal of the judgment, that the court erred in its charge to the jury. We think that a general assignment, like the above, to a charge of three or four pages in length, is too vague and indefinite to demand much consideration. It is the duty of the party appealing from the judgment of the District Court for errors therein committed, to point out specifically the particular error he would complain of, and call the attention of this court particularly to that error in his assignment, or he cannot complain if his supposed errors go unnoticed.

It appears from the evidence that Mrs. Robinson, before her first marriage with Parker, inherited a stock of cattle. The number so inherited is not stated, but it is clearly established that at the time of her marriage she had, in her separate and individual right, a stock branded in her own peculiar brand; that, on her marriage with Parker, he recognized this as her separate property by having the brand recorded as hers, and by oft-repeated declarations that the stock was hers; and it further appears that he branded the increase with her brand, and thus definitely, by words and acts, declared that all stock branded with the brand of his wife was her separate property. We know of no law which would prohibit Parker from branding the increase of his wife's stock in her brand, and thereby make the increase as well as the original stock hers, unless it be clearly shown that he did so for a fraudulent purpose. That Parker, by having his wife's brand recorded as her separate property, and by having the increase of her stock branded in that brand, intended to donate or give to his wife all the interest he might have in that stock, there can be no doubt; and

none but creditors who were thereby defrauded, have a right to question his authority so to do.

It is, however, claimed that Parker, in 1861, bought a small stock of cattle from Perry, and gave his note for the purchase-money, and that this note has not been fully paid; and also that the Perry stock was branded with the brand of Mrs. Parker, and became a part of the stock claimed by her.   But the evidence as to these facts is not quite clear, and somewhat contradictory, and was very properly left for the determination of the jury.   But it is a little remarkable that the holder of the note given for the purchase-money of the Perry stock should rest quietly for about ten years, and four years after the death of Parker, and until the stock of cattle had been sold to a third party, and innocent purchaser, without taking steps to collect the same.   We have been unable to discover any such error in the judgment of the District Court as will require a reversal of the same, and it is therefore affirmed.

Affirmed.